**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GREGORY MURPHY,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **NO. 12-3768** |
| | : | |
| **THE RECEIVABLE MANAGEMENT** | : | |
| **SERVICES CORPORATION,** | : | |
| **Defendant.** | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                    **May 7, 2013**

Gregory Murphy filed this lawsuit on July 2, 2012, against The Receivable

Management Services Corporation (Receivable).  He alleged violations of the Fair Debt

Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq*.  On August 31, 2012,

Receivable made an offer of judgment, which Murphy accepted.  Receivable's offer

provided in relevant part:

> Defendant will allow judgment to be entered against it in the amount of
> Two Hundred Fifty Dollars ($250.00), plus reasonable costs and attorneys'
> fees incurred by Plaintiff up to the date of this Offer of Judgment only, in
> an amount mutually agreed upon by the parties, or as determined by the
> Court if the parties cannot reach agreement.

Doc. No. 6-2, ¶ 1.  On September 7, 2012, judgment was entered in favor of Murphy "in

the amount of $250 together with interest and costs."  Doc. No. 7.

Murphy, who is represented by the law firm Kimmel & Silverman, now moves for

an award of $2,178.50 in attorney's fees and $350.00 in costs.  Receivable opposes the

request.  For the following reasons, I will grant the motion and award Murphy $1,650.70

in attorney's fees and $350.00 in costs.

## II.    STANDARD OF REVIEW

A plaintiff who succeeds in enforcing liability under the FDCPA is entitled to "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3).

"The starting point for determining the amount of a reasonable fee is the lodestar, which courts determine by calculating the 'number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'"  McKenna v. City of Philadelphia, 582 F.3d 447, 455 (3d Cir. 2009) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). The lodestar "is a presumptively reasonable fee, but it may still require subsequent adjustment."  United Auto. Workers Local 259 Soc. Sec. Dept. v. Metro Auto Ctr., 501 F.3d 283, 290 (3d Cir. 2007).

## III.   DISCUSSION

### A.    Reasonable Hourly Rate

A reasonable hourly rate is calculated according to "the prevailing rate in the forum of the litigation."  Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 426 F.3d 694, 705 (3d Cir. 2005).  For attorney Craig Thor Kimmel, Murphy seeks $425.00/hour.  For attorneys Tara Patterson, Amy Bennecoff, and Angela Troccoli, Murphy seeks $300.00/hour.  For paralegals Katelynn Fitti and Jason Ryan, Murphy seeks $165.00/hour and $155.00/hour, respectively.  For law clerk Lara Dellegrotti, Murphy seeks $180.00/hour.

The movant bears the initial burden of "produc[ing] satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those

prevailing in the community for similar services by lawyers of reasonably comparable

skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984).  If the

movant meets this burden, "the defendant may contest the reasonableness of the rate with

'appropriate record evidence.'" Carey v. City of Wilkes-Barre, 496 F. App'x 234, 237

(3d Cir. 2012) (quoting Evans v. Port Auth. of New York & New Jersey, 273 F.3d 346,

360 (3d Cir. 2001)).  "Notably, hourly rates that were set for a specific attorney in

previous court decisions do not generally constitute record evidence, unless those rates

were set for the same attorney and for the same type of work over a contemporaneous

time period." Carey, 496 F. App'x at 237 (citations omitted).  If the movant fails to meet

his initial burden, "the district court has the discretion to determine what award is

reasonable." Id.

The only evidence Murphy produces in addition to his attorneys' own affidavits

are rate determinations in five other FDCPA cases from this district.  Brass v. NCO Fin.

Sys., Inc., 11-CV-1611, 2011 WL 3862145 (E.D. Pa. July 22, 2011); Lindenbaum v.

NCO Fin. Sys., Inc., CIV.A. 11-264, 2011 WL 2848748 (E.D. Pa. July 19, 2011);

Alexander v. NCO Fin. Sys., Inc., CIV.A. 11-401, 2011 WL 2415156 (E.D. Pa. June 16,

2011); Williams v. NCO Fin. Sys., Inc., CIV.A. 10-5766, 2011 WL 1791099 (E.D. Pa.

May 11, 2011); Order, Rivera v. NCO Fin. Sys., Inc., 11-CV-402 (E.D. Pa. May 2, 2011).

Likewise, the only evidence Receivable produces in opposition are rate determinations in

other FDCPA cases. Zavodnick v. Gordon & Weisberg, P.C., CIV. 10-7125, 2012 WL

3

2036493 (E.D. Pa. June 6, 2012); <u>Brass</u>, 2011 WL 3862145; <u>Alexander</u>, 2011 WL 2415156; <u>Williams</u>, 2011 WL 1791099.[1]

For the following reasons, I find that Murphy has not met his initial burden with regard to Troccoli, Fitti, or Dellegrotti, and I will therefore exercise my discretion to determine reasonable rates for those individuals.  Although Murphy has met his initial burden with regard to Kimmel, Patterson, Bennecoff, and Ryan, Receivable has successfully contested with record evidence the reasonableness of their rates.

### 1.    Hourly Rates for Kimmel, Patterson, Bennecoff, and Ryan

Murphy's cited cases do not support the reasonableness of his requested rates for Kimmel, Patterson, and Bennecoff.  <u>Lindenbaum</u> and <u>Rivera</u> are the only cases to award Murphy the rates he requests here, yet those cases relied on fee publications—the Laffey Matrix and the Consumer Law Attorney Fee Survey—not specific to the Eastern District of Pennsylvania.  <u>Brass</u>, <u>Alexander</u>, and <u>Williams</u> awarded $400.00/hour, $278.00/hour, and $278.00/hour to Kimmel, Patterson, and Bennecoff, respectively.  Because Murphy advances no other evidence that his requested rates are reasonable, I conclude he has met his initial burden as to these rates only.  <u>Brass</u>, <u>Alexander</u>, and <u>Williams</u> did, however, award Ryan his requested rate of $155.00/hour.  Murphy has therefore fully met his initial burden as to this rate.

Having concluded that Murphy met his initial burden as to the above rates, I will consider Receivable's opposing evidence.  <u>Zavodnick</u> is "valid rebuttal evidence"

---

[1] Receivable cites to numerous FDCPA cases from the District of New Jersey setting rates for Kimmel & Silverman attorneys and staff.  Insofar as these cases did not set rates for the "forum of the litigation," <u>Interfaith Cmty. Org.</u>, 426 F.3d at 705, Receivable's reliance on them is misplaced.

because it is a sufficiently contemporaneous FDCPA case that set rates for Kimmel, Patterson, Bennecoff, and Ryan.  Carey, 496 F. App'x at 237 n.4.  In Zavodnick, the court reduced the movant's requested rates, which were the same as Murphy's requested rates here, to the following: for Kimmel, $290.00/hour; for Patterson, $175.00/hour; for Bennecoff, $200.00/hour; for Ryan, $100.00/hour.  Murphy acknowledges Zavodnick but contends that it inappropriately relied on rate determinations from the District of New Jersey and an outdated rate publication.   I am not persuaded.  While Zavodnick did cite numerous cases from the District of New Jersey to illustrate that Kimmel & Silverman's fees have often been reduced in FDCPA cases, the court did not actually rely on this case law in determining a reasonable rate.  Furthermore, the rate publication Zavodnick relied on is the same one Brass, Alexander, and Williams relied on.

In sum, the only persuasive record evidence before the court in support of and in opposition to Murphy's requested rates for Kimmel, Patterson, Bennecoff, and Ryan are Brass, Alexander, Williams, and Zavodnick.  Given that the parties both point to Brass, Alexander, and Williams, and given that Murphy, who bears the ultimate burden of showing that his requested rates are reasonable, has not convincingly distinguished Zavodnick, I'm inclined to split the difference.  Kimmel is awarded $345.00/hour, Bennecoff is awarded $239.00/hour, Patterson is awarded $226.00/hour, and Ryan is awarded $127.00/hour.

## 2.     Hourly Rates for Troccoli, Fitti, and Dellegrotti

That leaves hourly rates for Troccoli, Fitti, or Dellegrotti.  None of Murphy's cited cases determined hourly rates for these individuals.  Because this case law is the only

evidence Murphy advances beyond his attorneys' own affidavits, he has failed to make his initial burden as to Troccoli, Fitti, and Dellegrotti.  I must therefore exercise my discretion to determine reasonable rates.  Carey, 496 F. App'x at 237.  In doing so, I am mindful of the factors articulated in Johnson v. Georgia Highway Exp., Inc., 488 F.2d 714 (5th Cir. 1974), which both the Supreme Court and the Third Circuit have endorsed. Carey, 496 F. App'x at 237 n.3.

Initially, I note a couple general aspects of this case.  Like most FDCPA cases, this one never reached the merits.  It was settled roughly two months after it began for just a quarter of the FDCPA's maximum statutory damages, which Murphy sought.  Johnson, 488 F.2d at 718 (instructing to consider the length of the professional relationship and the results obtained).  The complaint raised no novel or difficult questions of law.  Id. (instructing to consider novelty and difficulty of the questions).  No conferences or hearings were held with the court, no discovery was exchanged, and aside from the instant fee petition, no motions were filed.  As Receivable accurately points out, the complaint, which comprises Murphy's only written legal product prior to settlement, is virtually identical to complaints filed by Kimmel & Silverman in other FDCPA cases, save for a few factual allegations pertinent to Murphy.  Id. (instructing to consider the skill requisite to perform the legal service properly).  With these considerations in mind, I move to Troccoli's, Fitti's, and Dellegrotti's hourly rates.

Troccoli, an associate, bills $300.00/hour and has practiced law since 2002. According to Kimmel, Troccoli is "responsible for matters dealing with client intake and potential new clients."  Her 1.3 hours billed in this matter were limited to reviewing

6

Murphy's intake questionnaire, discussing potential FDCPA violations, preparing a memo regarding this discussion, and directing a paralegal to send a letter to Receivable. In light of the above considerations, as well as Troccoli's limited involvement in actually prosecuting Murphy's case, I conclude that $226.00/hour is a reasonable fee.

Fitti, a paralegal, bills $165.00/hour.  According to Kimmel, Fitti's "primary tasks include the drafting of correspondence, pleadings, discovery and conducting legal research." Her 1.1 hours billed in this matter were spent communicating with Murphy, drafting correspondence, and preparing form documents.  Kimmel gives no indication as to Fitti's experience as a paralegal aside from noting that she has worked for two other law firms.  Because Fitti has only been with Kimmel & Silverman since December 2011, a far shorter time than Ryan, I see no reason why she should command a higher rate.  Fitti is awarded $127.00/hour.

Dellegrotti, a law clerk, billed $180.00/hour.  According to Kimmel, Dellegrotti was a third-year law student when she worked on Murphy's case.  Dellegrotti's 0.7 hours were spent reviewing Murphy's file and drafting the complaint.  As indicated, little distinguishes Murphy's complaint from other FDCPA complaints filed by Kimmel & Silverman.  For this basic task, I find that $100.00/hour is a reasonable fee.

### B.   Hours Reasonably Expended

"[A] court awarding fees 'must decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are excessive, redundant, or otherwise unnecessary.'"  Interfaith Cmty. Org., 426 F.3d at 711 (quoting Pub. Interest Research Group of New Jersey, Inc. v. Windall, 51 F.3d 1179,

1188 (3d Cir. 1995)).  Although I "must conduct a 'thorough and searching analysis' to identify such charges," Interfaith Cmty. Org., 426 F.3d at 711 (quoting Evans v. Port Auth. of New York & New Jersey, 273 F.3d 346, 362 (3d Cir. 2001), I may only reduce an award "in response to specific objections made by the opposing party," Interfaith Cmty. Org., 426 F.3d at 711.

Receivable objects to 0.7 hours that Kimmel spent reviewing docket alerts; 1.3 hours that Kimmel, Patterson, and Bennecoff spent exchanging emails among themselves, with Murphy, and with Receivable; 0.2 hours that Fitti spent receiving and filing a waiver; and 0.4 hours that Fitti spent preparing the civil cover sheet, designation form, case management track form, and summons.  Receivable characterizes these tasks as "administrative" and "purely non-legal."  As a general rule, "administrative tasks, which are not the type normally billed to a paying client, may not be recovered by a party through a fee petition."  Alexander, 2011 WL 2415156, at *6.  I do not agree that all of Receivable's objections involved administrative tasks.  Pertinent communications among attorneys within a firm, with the client, or with the opposing party are not administrative in nature.  The same is true for reviewing docket notices.  Zavodnick, 2012 WL 2036493, at *7 ("These tasks—reviewing emails, communicating with other Kimmel & Silverman lawyers, reviewing docket notices, and the like—are not administrative.").  Fitti's receipt and filing of a waiver was clerical, however, and her 0.2 hours spent doing so will be excluded.  Sheffer v. Experian Info. Solutions, Inc., 290 F. Supp. 2d 538, 549 (E.D. Pa. 2003) (excluding paralegal's time spent "filing and copying").  As for Fitti's time spent preparing form documents, while some courts have deemed these tasks non-billable, e.g.,

Zhang v. GC Services, LP, 537 F. Supp. 2d 805, 815 (E.D. Va. 2008), others have found it sufficient that they were delegated to a paralegal or legal assistant, e.g., Connor v. Sedgwick Claims Mgmt. Services, Inc., CIV.A. 09-CV-1140, 2012 WL 6595072, at *6 (D.N.J. Dec. 18, 2012). Fitti's time spent preparing form documents was billed at a paralegal rate and was not excessive; I will allow it.

In sum, I will exclude the 0.2 hours Fitti spent filing. Kimmel & Silverman's time spent on this matter was otherwise reasonably expended.[2]

## IV. CONCLUSION

In light of the above considerations, I find that the lodestar in this case is $1,650.70.[3] Murphy is awarded attorney's fees in that amount, plus $350.00 in costs.[4] An appropriate order follows.

---

[2] Receivable also "encourages the Court to scrutinize each and every entry for which the Kimmel Firm seeks to collect to determine if it is a reasonable fee or cost that should be passed on to Defendant." Doc. No. 10 at 13. Generally, an "adverse party's submissions cannot merely allege in general terms that the time spent was excessive." Bell v. United Princeton Properties, Inc., 884 F.2d 713, 720 (3d Cir. 1989). Thus, to the extent Receivable encourages me to review every entry for "reasonableness," I decline to do so. Still, the opposing party "need not point to each individual excessive entry," as long as the party "specif[ies] with particularity the reason for its challenge and the category (or categories) of work being challenged." Id. at 721. To the extent Receivable objects to all "administrative" tasks, I note that I have reviewed Kimmel & Silverman's time entries and find no such tasks aside from those already mentioned.

[3] This represents the sum of Kimmel's fee ($345.00/hour * 2.0 hours = $690.00); Bennecoff's fee ($239.00/hour * 0.4 hours = $95.60); Patterson's fee ($226.00/hour * 1.6 hours = $361.60); Troccoli's fee ($226.00/hour * 1.3 hours = $293.80); Ryan's fee ($127.00/hour * 0.2 hours = $25.40); Fitti's fee ($127.00/hour * 0.9 = $114.30); and Dellegrotti's fee ($100.00/hour * 0.7 hours = $70.00).

[4] Neither party makes an argument for departing from the lodestar not already subsumed in my calculation of that figure.